UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                                                              :

   UNITED STATES OF AMERICA,              :

                - against –                   :

   MARK NORDLICHT,                      :   **ORDER**
   DAVID LEVY,
   DANIEL SMALL,                         :   16-cr-00640 (BMC)
   JOSEPH MANN,
   JOSEPH SANFILIPPO, and        :
   JEFFREY SHULSE,

               Defendants.       :
---------------------------------------------------------- X

**COGAN**, District Judge.

     This Order resolves certain defense motions as follows:

1.       Defendants' motion [633] to preclude approximately 150 documents that the Government produced to defendants on April 11, 2019 is denied. This is a very small production in the context of this case and not at all atypical of limited productions shortly before trial in major cases when the parties discover additional documents as they prepare for trial. Many of the emails are to or from defendants so their context is readily known. The production occurred four days before the start of jury selection and 11 days before the start of testimony, which is sufficient time for defendants to review and use these materials effectively.[1] See United States v. Coppa, 267 F.3d 132, 144 (2d Cir. 2001). To the extent that defendant Nordlicht lacks the proper computer program to review the documents – which the Government denies – the parties surely can work that out or work with paper copies.

---

[1] Levy objects to the Government's characterization of its April 11 production as occurring 11 days before the start of witness testimony. Levy notes that these 11 days include the day Levy received notice of the production at 10 PM, and a day waiting for a FedEx delivery of the CD. The Court would reach the same result even if it considered defendants as having nine days instead of eleven days.

2.	Defendant Nordlicht's motion [634] to preclude the Government from referencing the alleged overvaluation of certain assets in its opening statement is denied.  Expert testimony is not the only way to show fraudulent intent (or the absence thereof) in the valuation of assets.  This Court's prior discovery order simply identified each parties' discovery obligations to the extent they choose to use expert testimony.

**SO ORDERED.**

							_____
												U.S.D.J.

Dated: Brooklyn, New York
            April 14, 2019