

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

AES:ALC/DCP/LHE/PTH                    *271 Cadman Plaza East*
F. #2016R00505                          *Brooklyn, New York 11201*

April 15, 2019

BY ECF

The Honorable Brian M. Cogan
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    United States v. Mark Nordlicht, et al.
               Criminal Docket No. 16-640 (BMC)

Dear Judge Cogan:

      The government submits this motion to respectfully request that the Court once again order defense counsel that they are prohibited from arguing or referencing allegations that purported government misconduct affected the health or valuation of Platinum Partners L.P.'s ("Platinum's") funds, including Platinum Partners Value Arbitrage Fund, L.P. ("PPVA"), in their opening statements or otherwise, during trial in the above-captioned case. For the reasons set forth below, the additional order requested herein is appropriate and necessary to prevent irrevocable, unfair prejudice to the government and to avoid confusing and misleading the jury.

I.      Background

      The Court has consistently and repeatedly ordered that defense counsel are prohibited from arguing or in any way referencing at trial allegations that government misconduct adversely affected Platinum. Notwithstanding these orders, the defendant Mark Nordlicht's counsel has consistently pursued their prosecutorial misconduct allegations and repeatedly expressed their intention to raise those allegations before the jury. As part of their campaign to present these allegations to the jury, Nordlicht's counsel have also misrepresented facts to this Court regarding purported testimony they intend to elicit in a defense case. As set forth in further detail below, this pattern of conduct provides a reasonable basis to conclude that, notwithstanding the Court's orders to date, Nordlicht's counsel will inject allegations of prosecutorial misconduct into this trial.

      A.    The Court's February 19, 2019 Written Order

      On the morning of February 19, 2019, the Court granted the government's motion in limine to preclude the defendants from making arguments or introducing evidence at trial

regarding the defendants' allegations of government misconduct in the investigation and prosecution of the defendants. The Court held:

> Because allegations of prosecutorial misconduct involve an alleged "defect in the institution of the prosecution" rather than "factual innocence of the crime charged," defendants may direct such arguments to courts but not to juries. United States v. Regan, 103 F.3d 1072, 1082 (2d Cir. 1997). Here, defendants have made arguments of prosecutorial misconduct to the Court multiple times, and the Court has repeatedly addressed this issue. Trial is not an appropriate forum to relitigate this issue. To the extent the Government seeks to preclude defendants from arguing that the Government engaged in any type of misconduct, its motion is granted.

See Order dated Feb. 19, 2019, ECF Docket No. 565 ("February 19 Written Order"), at 1.

### B. The Court's February 19, 2019 Oral Order

Despite the Court having issued the February 19 Written Order, on the morning of February 19, 2019, prior to jury selection, Nordlicht's counsel informed the Court that he intended to argue in his opening statement that the value of PPVA was affected "[b]y the actions of a former prosecutor who had personal motives to impact the investment." See Trial Transcript ("Tr.") at 12. Your Honor reiterated the Court's categorical holding precluding such arguments: "That's a prosecutorial misconduct argument. The answer is no, you may not do that. Don't argue with me. That is a matter for the Court. You've raised it now in the Second Circuit, Second Circuit hasn't acted on it yet, as far as I understand. You're not going to put it in front of the jury."[1] Id.

When Nordlicht's counsel responded to Your Honor's ruling that he would then "endeavor to put in front of the jury a citizen with motive that we will prove up through witnesses who will take the stand, swear that they're telling the truth, that that person acted with a bias, with a motive," Your Honor held: "No, you may not do that." Id. at 12-13.

### C. Nordlicht's February 19, 2019 Renewed Motion

On the evening of February 19, 2019, after receiving permission from the Court, Nordlicht renewed his motion to argue at trial that purported prosecutorial misconduct had caused the failure of PPVA. Nordlicht reiterated the same argument he had raised several times previously—and which the Court had consistently rejected—that a former prosecutor on this matter (the "Former Prosecutor") "engaged in a series of communications with reporters that resulted in newspaper articles that damaged the primary evidence of the case, the value, liquidity and overall health of the funds" and that the Former Prosecutor had "engaged in these activities for his own self-promotion, to the detriment of the fund and Mr. Nordlicht and financial gain."

---

[1] Your Honor's statement that Nordlicht had "raised it now in the Second Circuit, Second Circuit hasn't acted on it yet, as far as I understand" was a reference to the petition for a writ of mandamus that Nordlicht submitted to the Second Circuit on December 10, 2018, requesting that the Second Circuit vacate this Court's order denying Nordlicht a hearing on his allegations that the government had violated Federal Rule of Criminal Procedure 6(e) ("Rule 6(e)"). See In re: Mark Nordlicht, App. No. 18-3663 (2d Cir.). As noted below, that petition was denied.

See Def. Nordlicht's Mot. dated Feb. 19, 2019, ECF Docket No. 569 ("Nordlicht Feb. 19 Renewed Motion"), at 1.

In support of his Renewed Motion, Nordlicht proffered certain testimony that he stated he had "a good faith basis to believe" would be presented at trial if such witnesses were called. Id. at 2. In particular, Nordlicht argued that he should be permitted to call as witnesses at trial the Former Prosecutor and representatives of ten law firms—including partners, hiring committee members and human resources employees of those firms—"to inquire about [the Former Prosecutor's] use of this investigation and the corresponding leaked news articles for self-promotion and as a spring board for seeking and securing a massive salary increase." Id. at 4-5. Specifically, Nordlicht claimed that the chair of the hiring committee of one of those law firms, Debevoise & Plimpton LLP ("Debevoise"), "will testify that [the Former Prosecutor] touted his prosecution of Platinum in securing a position that massively increased his salary" and that representatives of the other law firms Nordlicht cited, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss"), "will similarly testify." Id. (emphasis added).

D. The Court's February 22, 2019 Oral Order

On the afternoon of February 22, 2019, Your Honor ruled orally on Nordlicht's February 19, 2019 submission, and once again ordered that Nordlicht was not permitted to make any reference at trial, in opening statements or otherwise, to purported government misconduct. Specifically, the Court held:

> The only reason for putting in [the Former Prosecutor's] conduct is to use it as a backdoor to get in the prosecutorial misconduct claim, and I'm not going to allow that. It wouldn't matter under the Defendant's theory whether the newspaper article was mistaken, completely made up out of whole cloth, whether it was the newspaper reporter who stole the information and ran with it, whether it was the janitor in the U.S. Attorney's Office that thought I can make some money on this and let it slip to a newspaper reporter. The reason of how it got there is not important under the Defendant's theory; and, therefore, I'm not going to allow any evidence of how it got there, especially when the evidence is something on which only the Court can rule and has ruled.

Tr. at 755.

In addition, the Court held that Nordlicht was not permitted to "call people who will relate third-party conversations as indicative of the effect of the newspaper article," including "lawyers who will say, I interviewed [the Former Prosecutor], and [the Former Prosecutor] talked about what a great job he did in undermining Platinum." Id. at 757.

E. Debevoise's February 22, 2019 Motion to Quash

On the evening of February 22, 2019, Debevoise, on behalf of the chair of its hiring committee, moved this Court for an order to quash a subpoena duces tecum (the "Subpoena") served by Nordlicht pursuant to Federal Rule of Criminal Procedure 17(c) ("Rule 17(c)"). See Mot. to Quash, dated Feb. 22, 2019, ECF Docket No. 576 ("Debevoise Motion to Quash"). In its motion, Debevoise asserted that Nordlicht had acted in bad faith in serving the

3

Subpoena and in stating to this Court that the chair of its hiring committee "will testify that [the Former Prosecutor] touted his prosecution of Platinum in securing a position that massively increased his salary." Id. at 4. As Debevoise explained, "[t]hat statement was false when made, and [Nordlicht's] counsel had no basis to believe it was true. Putting aside the falsity, [the chair of the hiring committee] was not even involved in the recruitment of [the Former Prosecutor]. [Nordlicht] simply made his false assertion up as part of his relentless effort to malign and harass [the Former Prosecutor]." Id.[2]

F. Nordlicht's April 3, 2019 Motion for Reconsideration and Motion to Inspect

On April 3, 2019, Nordlicht filed two motions related to his continued, beleaguered effort to secure some evidentiary basis for his unfounded government misconduct allegations, one of which was the latest motion for reconsideration of the Court's order denying the defendants' motion alleging a violation of Federal Rule of Criminal Procedure 6(e) ("Rule 6(e)"). See ECF Docket No. 604 ("Nordlicht's Motion for Reconsideration").[3] The Court denied both motions in an order entered on April 12, 2019. See Order, dated Apr. 12, 2019, ECF Docket No. 629, at 9-10.

As the government noted in its response to Nordlicht's Motion for Reconsideration, Nordlicht sought production in that motion of the subpoena to a grand jury witness, which he asserted would form the basis for "an evidentiary hearing (possibly rendering the proceedings before the Second Circuit Moot [sic]) to establish the extent of the leaks and its effect on the evidence available to the Grand Jury." Nordlicht's Motion for Reconsideration at 1-2. Nordlicht failed to mention to the Court, however, that the Second Circuit had denied his writ of mandamus petition six hours earlier on the same day that he filed his Motion for Reconsideration, and thus there were no longer any ongoing Second Circuit proceedings to moot. See Order dated Apr. 3, 2019, In re: Mark Nordlicht, App. No. 18-3663 (2d Cir.).

II. The Court Should Once Again Order That Defense Counsel Are Precluded From Arguing or Referencing Purported Government Misconduct At Trial

As the pattern of conduct described above demonstrates, Nordlicht has refused to accept the Court's rulings prohibiting him from presenting his allegations of prosecutorial misconduct at trial and is willing to make misrepresentations to the Court on that subject through

---

[2] In addition, on February 26, 2019, counsel for the recruitment office of Paul, Weiss responded as follows to a Rule 17(c) subpoena that Nordlicht had served on the law firm related to his allegations regarding the Former Prosecutor: "After a reasonable search, we have not located any responsive documents." See Letter to the Court Hand-Delivered by Paul, Weiss on Feb. 26, 2019.

[3] The other motion filed by Nordlicht on April 3, 2019, also in pursuit of his government misconduct claims, sought access to "any mention of Platinum Partners during the [ongoing] criminal investigation" into a former FBI Special Agent and asked that the Court undertake an inspection of sealed materials in a separate investigation stemming out of the case captioned United States v. Walters, No. 16-CR-338 (PKC) (S.D.N.Y.). See ECF Docket No. 605 ("Nordlicht's Motion to Inspect") at 1.

4

his counsel.  The government therefore has a well-founded concern that Nordlicht's counsel will ignore or attempt to evade the Court's many orders precluding defense counsel from arguing or referencing at trial their government misconduct allegations.  Any mention of alleged government misconduct in the defense's opening statements or otherwise at trial would be highly inflammatory and prejudicial to the government's case, and in view of the total lack of evidence supporting those claims, utterly unfair.  Once such allegations are put before the jury in any form, that bell cannot be unrung; government objections will serve only to highlight the issue, and instructions from the Court or engagement by the government on the issue will make the subject that much more memorable and distracting to the jury.  Accordingly, another Court order, entered prior to opening statements and precluding defense counsel from arguing or referencing government misconduct at trial, is necessary to ensure that defense counsel do not take action at trial that would irremediably prejudice the government, significantly disrupt the trial and confuse and mislead the jury.  See Fed. R. Evid. 403.

III.    Conclusion

For the reasons set forth above, the government requests that the Court once again order defense counsel that they are precluded from arguing or referencing allegations that purported government misconduct negatively affected Platinum or its funds in their opening statements or otherwise during trial.

Respectfully submitted,

RICHARD P. DONOGHUE
United States Attorney

By:     /s/
Alicyn L. Cooley
David C. Pitluck
Lauren H. Elbert
Patrick T. Hein
Assistant U.S. Attorneys
(718) 254-7000

Cc:     Clerk of the Court (BMC) (by ECF)
        Defense Counsel (by ECF)